[No. 23926–1–I. Division One. August 20, 1990.]

THE CITY OF BELLEVUE, *Respondent,* v. MARK CECIL PAINTER, ET AL, *Defendants,* BARRY K. KITTOE, ET AL, *Appellants.*

*Blair B. Burroughs* and *Mills & Cogan,* for appellants.

*Richard L. Andrews, City Attorney,* and *Scott McKee, Assistant,* for respondent.

BAKER, J.—Barry K. and Darla J. Kittoe appeal the entry of an order adjudicating public use and necessity.

I

The City of Bellevue (hereinafter the City) and King County entered into an interlocal agreement to deal with various projects on Coal Creek, an unpiped stream which runs primarily in unincorporated King County. The City and the County agreed that the City would undertake construction of a detention/sedimentation pond impinging on the Kittoes' property, which is located outside the boundaries of the City in King County. The main purpose of the pond is to prevent flooding downstream during heavy rainfalls. A second purpose is to capture sediments to prevent their deposit downstream.

The Bellevue City Council authorized condemnation of the Kittoes' property for the I–405/Coal Creek Detention Facility, describing the project as "necessary for drainage purposes" and stating further that "public health, safety, necessity and convenience demand that said project be undertaken and that in order to carry out the project it is necessary at this time for the City to acquire interests and rights to the properties described herein".

After a hearing, the Superior Court approved an order adjudicating public use and necessity. The court denied the Kittoes' motion to dismiss the petition in condemnation. The Kittoes argued that Bellevue lacked the statutory power to condemn the Kittoes' property for a detention pond. The court found that the proposed pond was "a public use, that being, part of Bellevue's storm water sewage system."

The Kittoes appealed the decision. Commissioner Jordan granted the City's motion for accelerated review.

## II

The City of Bellevue is a code city, under RCW Title 35A. RCW Title 35A, which became effective in 1969, delegates to code cities "all powers possible for a city or town to have under the Constitution of this state, and not specifically denied to code cities by law." RCW 35A.11.020. Those powers include and are not limited to acquisition of real property of all kinds. Further, code cities have "any authority ever given to any class of municipality or to all municipalities of this state". RCW 35A.11.020.

The purpose of RCW Title 35A is to give code cities "the broadest powers of local self–government consistent with the Constitution of this state." RCW 35A.01.010. Further, this statute frees code cities from the limiting doctrine of ejusdem generis, which requires that general words following specific words in a statute must be construed to include things of the general kind or class as the specific words. The statute explains:

Any specific enumeration of municipal powers contained in this title or in any other general law shall not be construed in any way to limit the general description of power contained in this

title, and any such specifically enumerated powers shall be construed as in addition and supplementary to the powers conferred in general terms by this title.
RCW 35A.01.010.

█ Kittoe assigns error to the court's finding that the sedimentation/detention pond is a public use as part of the City's stormwater sewage system. Kittoe and the City discuss at length whether the sedimentation/detention pond at issue is a drain, sewer or storm sewer within the language of RCW 8.12.030,[1] RCW 35.67.010,[2] and RCW 35.67.020.[3] Such definitional analysis is not necessary, given the broad grant of powers under RCW Title 35A. RCW 8.12.030 permits condemnation for drains and sewers or any other public use within or without the limits of a city. The general words "public use" are not limited by the preceding specific words because RCW Title 35A eliminated the application of ejusdem generis in the construction of these statutes as they apply to code cities. Further, RCW Title 35A requires that we liberally construe these powers in favor of the code cities. RCW 35A.01.010.

Kittoe's reliance is misplaced on cases holding that a city's power to condemn property outside its borders must be expressly delegated. Kittoe relies on *In re Kent*, 1 Wn. App. 737, 463 P.2d 661 (1969) and *Des Moines v. Hemenway*, 73 Wn.2d 130, 437 P.2d 171 (1968). Neither case dealt

---

[1]RCW 8.12.030 provides:
"Every city and town and each unclassified city and town within the state of Washington, is hereby authorized and empowered . . . to condemn land or property, or to damage the same, either within or without the limits of such city for . . . drains and sewers, . . . and to condemn land and other property and damage the same for such and for any other public use".

[2]RCW 35.67.010 provides:
"A 'system of sewerage' means and includes:
" . . . .
"(3) Storm or surface water sewers".

[3]RCW 35.67.020 provides:
"Every city and town may construct, condemn and purchase, acquire, add to, maintain, conduct, and operate systems of sewerage and systems and plants for refuse collection and disposal together with additions, extensions, and betterments thereto, within and without its limits".

with the scope of RCW Title 35A. In both *Kent* and *Hemenway* the court was dealing with third class cities which needed express statutory authority to exercise their power of eminent domain. Such is not the case at hand. The City of Bellevue, as a code city under RCW Title 35A, enjoys the broadest powers available under the constitution unless expressly denied by statute. *See United States v. North Bonneville,* 94 Wn.2d 827, 621 P.2d 127 (1980) (code city has broad power to make contracts; court upholds contract with federal government to purchase land for public and private purposes in conjunction with construction of powerhouse and relocation of a city); *Issaquah v. Teleprompter Corp.,* 93 Wn.2d 567, 611 P.2d 741 (1980) (code city has power under RCW Title 35A to own and operate cable television system). In the statutes argued by Kittoe, there is no express denial of a code city's power to condemn property outside its boundaries for the structure in question here. Thus, the City had the power to condemn the Kittoes' property for a sedimentation/detention pond.

We conclude that the trial court did not err in issuing the order adjudicating public use and necessity, and we affirm.

GROSSE, A.C.J., and SWANSON, J., concur.